# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

REHABILITATION AND
OCCUPATIONAL MEDICINE LLC,

        Plaintiff,

vs.                                    **No. CIV 00-1327 LCS/WWD**

ALPHA BIOMEDICAL, INC. a/k/a
ALPHA MEDICAL SERVICES, and
JOSE SAMANEZ individually and d/b/a
ALPHA MEDICAL SERVICES,

        Defendants.

## <u>MAGISTRATE JUDGE'S PROPOSED FINDINGS<br>AND RECOMMENDED DISPOSITION</u>

**THIS MATTER** came before the Court on Plaintiff's Motion for Entry of Default (Doc. 36),

filed July 12, 2001. The United States Magistrate Judge, having reviewed the Motion, Memorandum,

pleadings, and relevant authorities, finds that this Motion is well-taken and recommends that it be

**GRANTED**.

## PROPOSED FINDINGS

    1.      On September 21, 2000, Plaintiff filed this diversity breach of contract action in this

Court. (Doc. 1.)  On May 17, 2001, Plaintiff filed an Amended Complaint. (Doc. 30.)  On July 12,

2001, Plaintiff filed a Motion for Entry of Default Judgment as to Alpha Biomedical, Inc. The Clerk

entered default as to Alpha Biomedical on August 31, 2001.  (Doc. 40.)

    2.      In the original Complaint, Alpha Biomedical was identified as an a/k/a of Alpha

Medical. (Doc. 1.)   In the Amended Complaint, however, Alpha Biomedical, Inc. is identified as a Texas corporation and Alpha Medical is identified as a sole proprietorship of Dr. Jose Samanez. (Doc. 30.)   Dr. Samanez answered on behalf of himself and Alpha Medical Services December 3, 2001.  (Doc. 41.)

3.        No response to the Amended Complaint has been filed on behalf of Alpha Biomedical, Inc.  No response to the Motion for Default Judgment has been filed.  The Local Rules provide that failure to serve or file a response in opposition to any motion constitutes consent to grant the motion. *See* D.N.M.LR-Civ. 7.5(b).   The Clerk entered default as to Alpha Biomedical, Inc. on August 31, 2001.   (Doc. 40.)   Under these circumstances, Plaintiff's Motion for Default Judgment should be granted.  *See* FED.R.CIV.P. 55(b)(2).  Plaintiff should submit a form of default judgment, or request a hearing to determine the amount of damages pursuant to FED.R.CIV.P. 55(b)(2), within a time period set by the assigned district judge.

## RECOMMENDED DISPOSITION

I recommend that Plaintiff's Motion for Entry of Default (Doc. 36), filed July 12, 2001, be **GRANTED**.  Plaintiff should submit a form of default judgment, or request a hearing to determine the amount of damages pursuant to FED.R.CIV.P. 55(b)(2) within a time period set by the assigned district judge.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. §636(b)(1)(C), file written objections to such proposed findings and recommended disposition with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day

period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**