**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

REHABILITATION AND
OCCUPATIONAL MEDICINE LLC.,

        Plaintiff,

v.                                          Civil No. 00-1327 WJ/WWD

ALPHA BIOMEDICAL, INC., aka
ALPHA MEDICAL SERVICES and
JOSE SAMANEZ, individually and d/b/a
ALPHA MEDICAL SERVICES,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Deem Requests for

Admission Admitted and for Summary Judgment, filed June 18, 2002 (**Doc. 60-2**). Defendant

Samanez has not responded to the motion. According to the Amended Complaint, Defendant

Alpha Medical Services (Alpha Medical) is identified as a sole proprietorship of Dr. Jose

Samanez, Doc. 31, ¶ 3 and Defendant Alpha Biomedical, Inc. (Alpha Biomedical) is a Texas

corporation having its principal place of business in the State of Texas, ¶ 2.[1] The Amended

Complaint alleges a diversity breach of a contract claim involving the faulty provision and

installation of medical equipment by Defendants.

Samanez (i.e., Alpha Medical) is the sole remaining Defendant in this case. The Court

granted default judgment to Plaintiff against Defendant Alpha Biomedical on March 19, 2002 and

_____

[1] The original Complaint identified Alpha Biomedical, Inc. as an a/k/a of Alpha Medical
Services. Doc. 1.

Alpha Biomedical was dismissed as a party.  Doc. 53.  On August 7, 2002, Chief Magistrate

Judge William Deaton granted Plaintiff's Motion for Order to Deem Requests For Admission As

Admitted (Doc. 62, disposing partially of the present motion, Doc. 60-1).  What remains is

Plaintiff's instant motion for summary judgment, directed against Defendant Samanez.  Having

considered the parties' briefs and the applicable law, I find that Plaintiff's motion is well-taken and

will be granted.

Summary judgment is warranted "if the pleadings, depositions, answers to  interrogatories,

and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any

material fact and that the moving party is entitled to a  judgment as a matter of law." Fed.R.Civ.P.

56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Plaintiff's summary judgment motion

is premised on Samanez' failure to respond to requests for admissions.

The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true

and thus narrowing the range of issues for trial.  ASEA, Inc. v Southern Pacific Transportation

Co., 669 F.2d 1242, 1245 (9th Cir. 1981).  Samanez was served, but never responded to,

Plaintiff's requests for admissions.  Plaintiff filed a motion to compel regarding Defendant's

failure to respond to the requests for admission as well as other discovery requests, which the

Court granted on May 9, 2002 (Doc. 56).[2]

The statements of admission, a copy of which is attached as Exhibit 1 to Plaintiff's motion,

include:

---

[2]  Defendant filed an Answer to the Amended Complaint (Doc. 41), but he did not
participate in the submission of a provisional discovery plan (Doc. 46), and failed to show up for
both the Rule 16 conference that was set for January 23, 2002 as well as a settlement conference
that was scheduled for June 24, 2002.

! Plaintiff paid Defendant[3] $440,000.00 for the purchase and installation of MRI and CT Scanner machines and $28,000.00 for the purchase of a General Electric Stenoscope II C-Arm;

! Defendant Samanez was fully responsible for the delays in installing the MRI and making it fully operational;

! Alpha Biomedical never delivered the CT Scanner and General Electric Stenoscope II C-Arm to Plaintiff;

! Alpha Medical Services breached the contract between Plaintiff and Alpha Biomedical;

! Samanez breached the contract between Plaintiff and Alpha Biomedical, Inc.;

! Samanez assumed the performance of the contract between Plaintiff and Alpha Biomedical;

! Alpha Medical Services assumed the performance of the contract between Plaintiff and Alpha Biomedical;

! Samanez was the alter ego of Alpha Biomedical;

! Alpha Medical Services was the alter ego of Alpha Biomedical;

! Plaintiff suffered damages in the amount of $720,320.28 as a result of Alpha Medical Services' breach of the contract between Plaintiff and Alpha Biomedical.

Plaintiff's requests for admissions are now deemed formally admitted by an Order of this Court (Doc. 62), leaving no issues of fact in dispute, as to either liability or damages. While granting Plaintiff's motion for summary judgment on the basis of Samanez' failure to respond to Plaintiff's requests for admission may seem harsh, I point out that since Judge Deaton's Order of May 7, 2002 (which granted Plaintiff's motion to deem requests admitted), Samanez has not asked to either withdraw or amend an admission. See, Carney v. Internal Revenue Serv., 258 F.3d 415 (5th Cir.2001) (affirming summary judgment against party failing to respond to requests for admissions, but noting that the harshness of the disposition was "tempered by the availability of the motion to withdraw admissions, a procedure which [party] did not employ")[4] (citing United

_____

[3] The requests for admissions include Alpha Biomedical, Inc., Alpha Medical Services, and Dr. Jose Samanez, M.D. However, the admissions reflect that all transactions were completed through Samanez personally and that the contract contained his signature. Mot., Ex. 1 at 3.

[4] The court in Carney recognized the "potential harshness" of the result, stating that "[t]he failure to respond to admissions can effectively deprive a party of the opportunity to

States v. Kasuboski, 834 F.2d 1345 (7th Cir.1987)); see also National Advertising Co., Inc. v. Dick, 640 F.Supp. 1474, 1475 (S.D.Ind.1986) (plaintiff's failure to respond to IRS's requests for admission supported summary judgment for IRS as to IRS's ability to levy on certain funds to satisfy settled tax obligation) (citing Carney, 258 F.3d 415); Ajiwoju v. Kunce, No. 99-3213, 1999 WL 815834 (10th Cir. Kan., Oct. 1999) (affirming summary judgment granted to defendant where plaintiff failed to respond to defendant's requests for admissions and failed to adequately respond to Defendant's motion for summary judgment); cmp., Fed'l Deposit Ins. Corp., v. D.O.C. Ltd. et al., No. 87-2460-S, 1989 WL 151957 (D.Kan., Nov. 1989) (declining to grant summary judgment to plaintiffs where defendants failed to respond to requests for admission on the basis that, subsequent to the filing of the requests for admission, the court granted defendants leave to file an amended answer to include an additional defense) and J.D. Pharmaceutical Distributors, Inc., v. Save-On Drugs & Cosmetics Corp, et al., 893 F.2d 1201, 1208 (11th Cir. 1990) (failure to respond to requests for admissions was improper basis for granting summary judgment against party who did not have actual or adequate constructive notice of the requests for admission). Accordingly, with no issues of material fact remaining in dispute, I find that Plaintiff is entitled to summary judgment.

**Damages**

On March 19, 2002, the Court heard evidence on damages relating to Plaintiff's motion

---

contest the merits of a case." The court went on to note that "[t]his result, however, is necessary to insure the orderly disposition of cases; parties to a lawsuit must comply with the rules of procedure." Carney, at 421.

for default judgment against Alpha Biomedical.[5]  See St. Louis Baptist Temple, Inc. v. FDIC, 605

F.2d 1169, 1172 (10th Cir. 1979) (A court may judicially notice its own records). Based on that

evidence, I find that Plaintiff is entitled to a total amount of $720,320.28 and costs in the amount

of $255.00 against Defendant Samanez.

**THEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Deem Requests for Admission Admitted and

for Summary Judgment (**Doc. 60-2**) is hereby GRANTED.[6]

**IT IS FURTHER ORDERED** that Defendant Samanez is ordered to pay Plaintiff

$720,320.28 and costs in the amount of $255.00.  A Judgment in accordance with this

Memorandum Opinion and Order will issue.

_____

UNITED STATES DISTRICT JUDGE

---

[5]  The Court granted default judgment on the issue of liability against Defendant Alpha
Biomedical, Inc., on February 27, 2002 (Doc. 50).

[6]  With dismissal of Defendant Samanez (and dismissal of Defendant Alpha Medical
Services, which is identified as a sole proprietorship of Samanez), this action is dismissed in its
entirety.